EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PASCASIO AYENDE, acusado y apelante; EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROGELIO AYENDE, acusado y apelante.

No. 3713.—*Sometido:* Febrero 14, 1929. *Resuelto:* Febrero 28, 1929.

244

*Luis A. Castro,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Pascasio Ayende y Rogelio Ayende fueron denunciados separadamente en una corte municipal por delito de acometimiento y agresión con circunstancia agravante y conociendo la Corte de Distrito de San Juan en grado de apelación de esas denuncias dictó sentencia condenatoria contra ambos. Las apelaciones interpuestas por ellos para ante nosotros fueron oídas conjuntamente y las resolveremos con una sola opinión porque los hechos que se les imputan están íntimamente relacionados.

Los dos apelantes alegan que la prueba es insuficiente para haberles condenado. Hemos leído la prueba del fical consistente en las declaraciones del policía insular Carlos N. Montes y de Carlos Berríos y encontramos que es suficiente para llegar a la conclusión de que mientras dicho policía estaba prestando servicio vestido con su uniforme fué agredido varias veces por Pascasio Ayende y que habiendo llegado en esos momentos su hermano Rogelio Ayende sujetó al policía mientras le pegaba Pascasio y después también Rogelio agredió y pegó al policía. Ambos negaron esos hechos y Rogelio trató de probar que esa noche no estaba en San Juan sino en la Carolina, pero la corte dió crédito a la prueba del fiscal y no vemos motivos para estimar que su decisión no fuese correcta.

Alega además Pascasio que fué error de la corte no haber ordenado la citación de un testigo suyo. Declarando ese apelante dijo que vivía con una muchacha llamada Carmen Rosa y que estando hablando con ella de diez a once de la noche a la puerta de su casa en el poblado de La Perla, estando él en la grama, llegó el policía y le dijo qué hacía allí y al contestarle que nada, el policía le mandó que se fuera a dormir por lo que le manifestó a la muchacha que cerrara y se acostase y que él subió hacia arriba: que el

guardia dispuso que siguiera para el cuartel y le dió un palo por lo que se fué corriendo y entonces el policía le pegó un tiro y después otros: que él no le pegó al policía: que esos hechos ocurrieron entre él y el policía solos, sin ser presenciados por otra persona. Después dijo que esa muchacha fué a la corte municipal y que no vino al juicio en la corte de distrito por temor al policía y que con ella probaría que no agredió al denunciante. Entonces su abogado solicitó de la corte que fuera citada esa muchacha, lo que le fué negado porque el acusado no solicitó esa citación al comenzar el juicio. Esa negativa no fué errónea, no sólo porque si era un testigo a su favor sabía tal circunstancia desde que los hechos tuvieron lugar y no pidió su citación antes de comenzar el juicio, sino también porque habiendo declarado que nadie presenció los hechos ocurridos entre él y el policía no resultaba ser testigo esencial para el juicio.

*Ambas sentencias deben ser confirmadas.*